# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID HOGQUIST,

           **Plaintiff,**

v.                                                     Case No. 12-C-890

BADGER TRUCK CENTER,

            **Defendant.**

## DECISION AND ORDER

        Pro se Plaintiff David Hogquist ("Hogquist") filed this action on August 30, 2012. By letter dated January 18, 2013, the Court advised Hogquist that its records did not indicate that service had been made upon the Defendant Badger Truck Center ("Badger Truck") as required under Rule 4(h) of the Federal Rules of Civil Procedure. On January 29, 2012, Hogquist filed a letter indicating that when he filed the action "the lady" told him that was all he had to do. The letter also refers to Hogquist's medical issues and attaches medical records.

        Liberally construed, Hogquist's letter is a motion for extension of time. Rule 4(m) states that if the defendant is not served within 120 days, the district court "must dismiss the action without prejudice . . . or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for

an appropriate period." "In other words, if good cause for the delay is shown, the court must extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time ('direct that service be effected within a specified time')." *United States v. McLaughlin,* 470 F.3d 698, 700 (7th Cir. 2006) (quoting *Henderson v. United States,* 517 U.S. 654, 662-63 (1996) and citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)).

Typically, to constitute "good cause" for the extension of the service period under Rule 4(m), the plaintiff must show "a valid reason for delay, such as the defendant's evading service." *Coleman*, 290 F.3d at 934 (citations omitted). Even if a plaintiff fails to show good cause for his failure to accomplish timely service, the Court has the discretion to grant an extension of time for service. *United States v. Ligas*, 549 F.3d 497, 499 (7th Cir. 2008). In determining whether to grant a permissive extension, the Court may consider factors such as the statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998).

The apparent misinformation provided to Hogquist, his personal medical situation and his pro se status, fall short of establishing good cause for his failure to effect timely service of Badger Truck. In that regard, the Court notes that despite the misinformation, the docket reflects that, when he filed the action, Hogquist also received a service packet and a summons. Nonetheless, under the circumstances and without any

2

indication that Badger Truck would be prejudiced by the delay, the Court will exercise its discretion and extend the time for service of Badger Truck until March 1, 2013.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Hogquist's motion for an extension of time to serve Badger Truck (ECF No. 4) is **GRANTED**;

The deadline for Hogquist to serve Badger Truck is extended until **March 1, 2013**; and

The Clerk of Court is **DIRECTED TO INCLUDE** a revised summons together with Hogquist's copy of this Decision and Order.

Dated at Milwaukee, Wisconsin this 31st day of January, 2013.

**BY THE COURT**

*/s/ Rudolph T. Randa*

**Hon. Rudolph T. Randa
U.S. District Judge**