# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID HOGQUIST,

              **Plaintiff,**

v.                                   Case No. 12-C-890

BADGER TRUCK CENTER,

              **Defendant.**

# DECISION AND ORDER

This matter filed by pro se Plaintiff David Hogquist ("Hogquist") is before the Court on the motion to dismiss filed by the Defendant Badger Truck Center ("Badger Truck"). (ECF No. 7.) Pursuant to Federal Rule of Civil Procedure 12(b)(5), Badger Truck requests that the Court dismiss Hogquist's complaint in its entirety without prejudice due to his failure to properly serve it. In the alternative, Badger Truck requests entry of an order requiring that Hogquist properly serve Badger Truck with a copy of the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure within ten days, and grant Badger Truck an extension of time to respond to the Complaint until service on it been perfected.

By a January 31, 2013, Decision and Order, the Court extended the time for service upon Badger Truck. (ECF No. 5.) On February 11, 2013, the summons and a copy of that decision and order were served on Badger Truck. (ECF No. 6). There is no indication

that Complaint was served on Badger Truck. Rule 4(c)(1) of the Federal Rules of Civil Procedure requires that a summons to be served with a copy of the Complaint. *See also,* Fed. R. Civ. P. 4(h). Thus, Badger Truck has not been properly served.

The Court has the discretion to grant an extension of time for service. *United States v. Ligas*, 549 F.3d 497, 499 (7th Cir. 2008). In determining whether to grant a permissive extension, the Court may consider factors such as the statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Here, Badger Truck has actual notice of this lawsuit and does not claim it will be prejudiced by the brief delay. Under the circumstances of this case, the Court will extend the time for service of Badger Truck until March 18, 2013, and extend the time for Badger Truck to respond until proper service with the summons and Complaint is effected.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Badger Truck's motion (ECF No. 7) **GRANTED** as to the alternative relief and is **DENIED** in all other respects;

The deadline for Hogquist to serve Badger Truck is extended until **March 18, 2013**;

The time for Badger Truck to respond is extended until proper service with the summons and Complaint is effected; and

2

The Clerk of Court is **DIRECTED** to include a revised summons together with Hogquist's copy of this Decision and Order.

Dated at Milwaukee, Wisconsin this 7th day of March, 2013.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**